UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

MIKE PETINSKY, individually,

Case No. 13-cv-23642-ASG

Plaintiff,

WESTSIDE CENTER LTD.,
a Florida limited partnership,

Defendant.
_______________________________/

**ORDER APPROVING AND ENTERING CONSENT DECREE**
**AND DISMISSING CASE WITH PREJUDICE**

THIS CAUSE came before the Court on the Stipulation for Approval and Entry of a Consent Decree and Dismissal of the Case (the "**Stipulation**") ECF No. 21. The Court having reviewed the Stipulation and the filings in this case, and being fully advised in the premises, it is hereby

ORDERED AND ADJUDGED that:

1. The Consent Decree, in the form attached hereto, is APPROVED and ENTERED.
2. With the Court retaining jurisdiction over this matter for the purpose of enforcing the terms of the Consent Decree, this case is DISMISSED WITH PREJUDICE.
3. To the extent not otherwise disposed of herein, all pending motions are hereby DENIED AS MOOT.
4. This case is CLOSED.

DONE AND ORDERED in Chambers this 5 day of March, 2014.

UNITED STATES DISTRICT JUDGE

Copies to all counsel of record

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

MIKE PETINSKY, individually,

Case No. 13-cv-23642-ASG

Plaintiff,

WESTSIDE CENTER LTD.,
a Florida limited partnership,

Defendant.
_______________________________________/

## CONSENT DECREE

This Consent Decree is entered into by and between Plaintiff, MIKE PETINSKY, individually, and Defendant, WESTSIDE CENTER LTD., a Florida limited partnership, on the date last executed below.

WHEREAS, Defendant owns the subject property identified as Westside Center, located at 3900-3950 West 12th Avenue, Miami, Florida (the "**Property**");

WHEREAS, Plaintiff claims that there are certain violations of the Americans with Disabilities Act ("**ADA**") which limit the Plaintiff's use of the Property;

WHEREAS, Defendant does not admit Plaintiff's allegations and alleges it has acted in good faith to comply with the ADA;

WHEREAS, Defendant has engaged an ADA specialist to provide a report setting forth remedial measures at the Property which are readily achievable (the "**Report**");

WHEREAS, the parties have determined that the remedial measures agreed to herein constitute all readily achievable measures to bring Defendant into compliance with the ADA; and

WHEREAS, in consideration for resolving all matters in dispute, the parties have agreed

to the terms and conditions herein, subject to the Court's entry of an order approving this Consent Decree, entering the Consent Decree, and retaining jurisdiction to enforce same.

1. All alterations, modifications, and policies required by this Consent Decree shall be completed prior to the re-inspection date set forth below, unless a different completion date is otherwise stated herein. A final property re-inspection conducted by Plaintiff will take place on or after February 13, 2015 to ensure that the modifications required below have been completed. Plaintiff's counsel, expert(s), and/or representatives shall be provided access to the building to conduct a re-inspection and to verify commencement, progress, and completion of the work required hereby. In any event, Defendant or its counsel shall notify Plaintiff's counsel by Certified Return Receipt Mail when all improvements contemplated herein are completed. In the event of non-compliance with the terms and conditions of this agreement, Plaintiff shall be entitled to immediate injunctive relief.

2. Defendant shall pay Plaintiff's counsel, Thomas B. Bacon, P.A., certain attorney's fees, litigation expenses, and costs incurred in this matter. The amounts to be paid shall be established by counsel for the parties by a separate letter agreement, which is incorporated as part of this Consent Decree.

3. This Consent Decree shall be binding upon and inure to the benefit of the parties hereto and their respective successor and/or assigns. The parties shall perform their obligations under this Consent Decree in good faith.

4. The parties agree that any delays in making the modifications to the property as provided for pursuant to this Consent Decree caused by third parties, including but not limited to construction contractors, city building officials, inspectors, permitting departments, will not be

deemed to violate the compliance dates herein as long as Defendant makes a good faith effort to effect implementation as soon as reasonably possible thereafter.

5. Upon the Court's approval of this Consent Decree and upon the Defendant's full compliance with the terms and conditions of this Consent Decree, Plaintiff hereby releases and discharges Defendant, its officers, employees, agents, successors and assigns from any and all claims and causes of action which he has had arising under the ADA. This provision is limited to the Property.

6. The parties acknowledge that the modifications described in this Consent Decree shall be implemented according to the standards set out in 28 CFR Ch. 1 Part 36, App. A. (7-1-13 edition).

7. This Consent Decree can be executed in any number of counterparts, each of which shall be taken to be one and the same instrument, for the same effect as if all parties hereto had signed the same signature page. A copy or facsimile of any party's signature shall be deemed as legally binding as the original signatures.

8. Defendant shall comply with the requirements of the Report and bring the Property into compliance with the ADA by no later than February 13, 2015.

AGREED TO BY THE PARTIES:

| | |
|---|---|
| **Plaintiff:** | **Defendant:** |
| MIKE PETINSKY | WESTSIDE CENTER LTD. |
| By: ______________________________ | By: [signature] |
| Mike Petinsky | Mario Ferro, Jr., its President |

5. Upon the Court's approval of this Consent Decree and upon the Defendant's full compliance with the terms and conditions of this Consent Decree, Plaintiff hereby releases and discharges Defendant, its officers, employees, agents, successors and assigns from any and all claims and causes of action which he has had arising under the ADA. This provision is limited to the Property.

6. The parties acknowledge that the modifications described in this Consent Decree shall be implemented according to the standards set out in 28 CFR Ch. 1 Part 36, App. A. (7-1-13 edition).

7. This Consent Decree can be executed in any number of counterparts, each of which shall be taken to be one and the same instrument, for the same effect as if all parties hereto had signed the same signature page. A copy or facsimile of any party's signature shall be deemed as legally binding as the original signatures.

8. Defendant shall comply with the requirements of the Report and bring the Property into compliance with the ADA by no later than February 13, 2015.

AGREED TO BY THE PARTIES:

| | |
|---|---|
| **Plaintiff:** | **Defendant:** |
| MIKE PETINSKY | WESTSIDE CENTER LTD. |
| By: *Mike Petinsky* | By: ______________________ |
| Mike Petinsky | Mario Ferro, Jr., its ______________ |

11487269.1